```
CLERK'S OFFICE U.S. DIST. COURT
     AT ROANOKE, VA
          FILED
      AUG 21 2008
JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ALFONSO CHACON, ) | |
| Plaintiff, ) | Civil Action No. 7:08cv00046 |
| ) | |
| v. ) | |
| ) | |
| DR. OFOGH, et al., ) | By: Hon. Michael F. Urbanski |
| Defendants. ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Alfonso Chacon brings this action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343, alleging that the defendants denied him adequate medical care in failing to provide him with hearing aids. Defendants Ofogh, Schilling, and Rowlette filed motions for summary judgment and defendant Phipps filed a motion to dismiss. Chacon was notified of defendants' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Chacon has now responded, thus making the underlying matter ripe for disposition. For the reasons that follow, the undersigned recommends that the defendants Ofogh's, Schilling's, and Rowlette's motions for summary judgment be granted and that defendant Phipps' motion to dismiss be denied, but that the claim against her be dismissed for failure to state a claim.

### I.

Chacon alleges that on July 10, 2006, an off-site, non-prison-affiliated specialist evaluated his hearing and recommended that he receive hearing aids. Thereafter, on June 13, 2007, Chacon claims that he met with defendant Dr. Ofogh and advised Ofogh of the specialist's recommendation. Chacon claims that Ofogh denied him treatment inasmuch as he denied him free hearing aids. According to Chacon, Ofogh informed Chacon that he could not have the hearing aids for free because he had money in his prison financial account. Chacon further alleges that on June 14, 2007,

he spoke with defendant Nurse Phipps and informed her of his "medical issue," to which she responded that Chacon was not deaf and did not need hearing aids. Nurse Phipps allegedly refused to change the doctor's denial of his request for hearing aids, despite acknowledging that his condition was "bad." Chacon states that Phipps also informed him that hearing aids would cost approximately $500. Chacon then filed grievances concerning the denial of hearing aids. Chacon's level one grievance was reviewed and investigated by defendant Rowlette, Assistant Warden at Red Onion State Prison ("Red Onion"), which he determined to be unfounded. Defendant Schilling, the Health Services Director for the Virginia Department of Corrections ("VDOC"), reviewed Chacon's level two grievance and also determined that it was unfounded. Chacon argues that the defendants violated his constitutional rights by denying him adequate medical treatment by not providing him with free hearing aids.

Defendant Dr. Ofogh responded to Chacon's complaint with a motion for summary judgment and attached affidavit, in which he attests that he was a physician at Red Onion from August 2, 2001 through October 20, 2006, that he met with Chacon on five occasions in 2006, that he referred Chacon to a hearing specialist on May 26, 2006, and that his last contact with Chacon was on June 7, 2006. (Ofogh Aff. 1.) Dr. Ofogh also indicated that he had reviewed Chacon's medical records which apparently indicate that another doctor at Red Onion, Dr. Gilbert, had received and reviewed the results of Chacon's hearing tests on July 10, 2006 and July 20, 2006. (Ofogh Aff. 2.) Based on this, Ofogh argues that Chacon has not established that Ofogh was deliberately indifferent to a serious medical need of Chacon.

Defendants Rowlette and Schilling responded to Chacon's complaint with a motion for summary judgment and attached affidavits. By affidavit, Rowlette states that he has no responsibility

for or supervision over the actual administration of medical services provided at Red Onion, that he does not make decisions regarding diagnosis or treatment of an inmate's medical needs, and that he relies on the professional judgment of the health care providers at Red Onion. (Rowlette Aff. 2.) He also states that he talks with Chacon when he does rounds, that Chacon hears him and responds without difficulty, and that Chacon does not appear to have problems hearing, and that Chacon is able to carry on a normal conversation. (Rowlette Aff. 3.) Schilling also states, by affidavit, that he is not a medical doctor and that he does not make decisions about inmates' medical care and treatment. (Schilling Aff. 2.) Based on this, defendants Rowlette and Schilling argue that Chacon has failed to state a claim against either of them because he does not allege their personal involvement, as non-medical personnel, with the doctor's decision regarding free hearing aids.

Finally, defendant Phipps responded to Chacon's complaint with a motion to dismiss in which she argues that Chacon's claim against her is not exhausted because Chacon did not specifically name her in his institutional grievance forms.

## II.

### A. Motion for Summary Judgment Standard

Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

*B. Motion to Dismiss Standard*

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." Browning v. Vecellio & Grogan, Inc., 945 F. Supp. 930, 931 (W.D. Va. 1996) (internal quotation omitted). When "considering a motion to dismiss, the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.

### III.

*A. Defendant Dr. Ofogh*

As an initial matter, Dr. Ofogh asserts, and Chacon does not contest, that Ofogh was not employed at Red Onion on the date on which Chacon claims that he was denied adequate medical treatment and, therefore, Ofogh could not have provided Chacon with inadequate medical care on that date. It is clear that Chacon is mistaken in identfying Dr. Ofogh as a defendant in this matter.

-4-

Accordingly, Chacon's claim against Dr. Ofogh fails.[1]

However, even if the court were to let Chacon amend his complaint to add the appropriate doctor who actually treated him on June 13, 2007, Chacon's claim would nevertheless fail. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837-844 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F. Supp. 2d 830, 840 (W.D. Va. 2002) (quoting Cox v. District of Columbia, 834 F. Supp. 439, 441 (D.D.C. 1992)). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Furthermore, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v.

---

[1] Moreover, to the extent Chacon's allegations could be construed as a claim of inadequate medical treatment on the occasions Dr. Ofogh did treat Chacon and was employed at Red Onion, any such claim would also fail. According to Ofogh and undisputed by Chacon, Ofogh did in fact order evaluation of Chacon's hearing by a hearing specialist. Thus, regardless of whether there was a serious medical need, the court cannot find that Ofogh acted with deliberate indifference.

-5-

Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Applying these principles, and construing the evidence in the light most favorable to Chacon, the undersigned concludes that he has not made any showing that a constitutional right has been violated. While the ability to hear is a basic human need affecting daily activity and is sufficiently serious to warrant treatment by physicians, Smith v. Masterson, 538 F. Supp. 2d 653, 659 (S.D.N.Y. 2008), Chacon has not shown that his hearing impairment rose to the level of a serious medical need or that the defendants acted with deliberate indifference. Although, Chacon states that the hearing specialist recommended that Chacon get hearing aids, he has not demonstrated that his hearing impairment was such that treatment with hearing aids was necessary. See Large v. Wash. County Det. Ctr., 915 F.2d 1564, *2 (4th Cir. 1990) (unpublished table decision) (finding that "under appropriate circumstances" a prison's failure to provide hearing aids to a prisoner "could constitute deliberate indifference to a serious medical need," but the fact that a prisoner "would benefit from a hearing aid may, but need not necessarily, suffice to establish that the need is a sufficiently serious one"). Further, defendant Rowlette attested, and Chacon does not contest, that he has spoken with Chacon and that Chacon was able to "carry on a normal conversation" and "hear . . . and respond[]  without difficulty" (Rowlette Aff. 2), which suggests to the court that Chacon's hearing is not so impaired as to rise to the level of a serious medical need. Moreover, Chacon has not established that his treating physician was deliberately indifferent in treating his hearing impairment. Pursuant to VDOC policy, an inmate is not eligible for a free hearing aid where, despite a hearing impairment, he retains the ability to follow directions and direct orders. (Rowlette Aff. 2; Schilling Aff. 3-4.) Chacon met with the doctor at Red Onion, the doctor reviewed the results of his hearing test, evaluated Chacon, and determined that his hearing was not so impaired as to qualify him to receive

free hearing aids. Accordingly, although Chacon's hearing impairment may inconvenience him and he may desire hearing aids to improve his quality of life, the court finds that this claim amounts to nothing more than a disagreement between doctor and patient, which is not actionable under the Eighth Amendment.

*B. Defendants Rowlette and Schilling*

To bring a medical treatment claim against non-medical personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with the prison doctor's treatment, or tacitly authorized or were indifferent to the prison doctor's misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Prison personnel may rely on the opinion of medical staff as to the proper course of treatment. Id., Smith v. Berry, 985 F.2d 180 (4th Cir. 1993).

Defendant Rowlette is the Assistant Warden at Red Onion and defendant Schilling is the Health Services Director for the Virginia Department of Corrections. Neither Rowlette nor Schilling is responsible for making medical decisions or administering medical treatment to inmates at Red Onion. (Rowlette Aff. 2; Schilling Aff. 1, 2.) Although Chacon claims that defendants Rowlette and Schilling denied his grievances regarding his medical treatment, Chacon does not allege that either defendant was personally involved in the doctor's decision to deny him free hearing aids, that they deliberately interfered with the doctor's treatment, or that they tacitly authorized or were indifferent to a doctor's misconduct. Accordingly, Chacon's claims against defendants Rowlette and Schilling fail.

*C. Defendant Nurse Phipps*

Chacon alleges that Phipps violated his constitutional rights by refusing to change the doctor's denial of hearing aids. Phipps filed a motion to dismiss on the basis that Chacon failed to

-7-

Case 7:08-cv-00046-SGW-mfu   Document 35   Filed 08/21/08   Page 7 of 10   Pageid#: 135

name her in his grievances, and thus, has not exhausted his administrative remedies as to his claim againt her. However, the Court of Appeals for Fourth Circuit has held that in exhausting their administrative remedies, prisoners are not required to name all defendants in that process. See Moore v. Bennette, 517 F.3d 717, 726 (4th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199 (2007)). Accordingly, the undersigned recommends that defendant Phipps's motion to dismiss on this ground be denied.

However, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case if it determines the action fails to state a claim upon which relief may be granted. In his complaint, Chacon acknowledges that Nurse Phipps was aware of the treating physician's decision that Chacon did not qualify for free hearing aids, but argues that she should have changed the doctor's order. The court takes judicial notice of the fact that nurses generally cannot prescribe treatment or overrule a doctor's orders, and Chacon fails to direct the court to any evidence to the contrary. Moreover, Phipps is entitled to rely on the doctor's prescribed course of treatment. Miltier, 896 F.2d at 854. Accordingly, the undersigned finds that Chacon has failed to state a claim against Phipps.

### IV. Motion for Preliminary Injunction

Chacon has also filed a motion for preliminary injunctive relief, asking the court to direct the defendants to provide him with hearing aids. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980). Under this test, the court should consider four factors: 1) whether the plaintiff will suffer irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendant if relief is

granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether public interest lies with granting relief. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co., 550 F.2d 189, 195 (4th Cir. 1977). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). Inasmuch as the undersigned finds that Chacon's allegations in this case fail to state a constitutional claim, the court also finds that Chacon is not entitled to injunctive relief.

## IV.

For these reasons, the undersigned concludes that Chacon has failed to demonstrate that defendants were deliberately indifferent to a serious medical need and, thus, has not stated a claim that rises to the level of a constitutional violation. Accordingly, the undersigned recommends that defendants Ofogh's, Schilling's, and Rowlette's motions for summary judgment be granted and that defendant Phipps' motion to dismiss be denied, but that the claim against her be dismissed for failure to state a claim. Further, the undersigned recommends that Chacon's motion for preliminary injunctive relief be denied.

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send copies of this Order to plaintiff and counsel of record for defendants.

**ENTER:** This 21st day of August, 2008.

/s/ 
United States Magistrate Judge